[699 NYS2d 397]

In the Matter of JOE McDANIEL, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 9, 1999

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Joe McDaniel, was admitted to the practice of

law in the State of New York by the First Judicial Department on September 21, 1992. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged by the Departmental Disciplinary Committee with three disciplinary violations alleging that he: (1) made a material misrepresentation on his application for admission by omitting a reference to previous legal employment in violation of Code of Professional Responsibility DR 1-101 (A) (22 NYCRR 1200.2 [a]); (2) attempted to conceal the reason for the termination from that legal employment thereby engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); and, (3) engaged in fraudulent billing practices thereby violating DR 1-102 (A) (4). Respondent did not submit an answer to the charges and did not appear at a hearing on these charges. The Hearing Referee admitted the charges pursuant to 22 NYCRR 605.12 (c) (4), sustained all charges and recommended disbarment. A Hearing Panel subsequently received written submissions from respondent and the Committee and affirmed the Referee's report and recommendation. The Departmental Disciplinary Committee seeks an order confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination and imposing disbarment.

It is undisputed that respondent obtained legal employment with Skadden, Arps after passing the Bar examination in 1988 through the use of a false transcript of his academic record in law school. Shortly after being employed as a non-admitted associate, respondent altered credit card slips to obtain reimbursement from Skadden, Arps to which he was not entitled. Respondent immediately resigned upon being confronted by his employer with fraudulent reimbursement claims chargeable to clients of the firm. Respondent delayed his application for admission to the New York Bar until 1992. He disclosed on his application that he had submitted false law school transcripts to various prospective legal employers in 1986, 1988 and 1990. Respondent failed to identify his legal employment with Skadden, Arps. When questioned in 1997 by the Committee about his failure to disclose his legal employment respondent claimed that the omission had been an oversight.

All of the charges were deemed admitted by respondent by his default and sustained by the Referee. The record evidence

amply supports the factual allegations supporting each charge. In deposition testimony, respondent attempted to characterize his failure to reveal prior legal employment as an oversight but it could only have been calculated to conceal the reason for his employment termination at Skadden, Arps. Although respondent offered a troubled family history, financial pressures arising from sickness in his immediate family, and emotional pressures caused by a failed relationship as the reasons explaining his submission of false transcripts and his submission of fraudulent reimbursement claims, he has offered no defense or mitigating evidence to explain why he made a material misrepresentation on his Bar application in 1992 or why he made a false statement to the Committee in 1997. It is clear that respondent engaged in a pattern of dishonest conduct over a substantial period of time. Respondent's use of false transcripts, his submission of fraudulent bills chargeable to client accounts, his false Bar application and his blatant attempt to conceal his prior misconduct from the Committee demonstrate that respondent should not be entitled to the privilege of practicing law in this state. A review of respondent's claims in mitigation reveal that none of them, even if accepted as true despite the lack of independent verification, can be fairly said to have caused respondent to engage in dishonest or fraudulent conduct.

The petition to confirm the Hearing Panel's determination, confirming the Referee's report and recommendation, should be granted, and respondent should be disbarred.

SULLIVAN, J. P., NARDELLI, MAZZARELLI, LERNER and BUCKLEY, JJ., concur.

Petition granted and respondent disbarred from the practice of law in the State of New York effective January 7, 2000.